## Williams *v.* MacDonald, Appellant.

*Negligence—Master and servant—Safe place to work—Trap door —Fall—Case for jury.*

In an action against a storekeeper by an employee to recover damages for personal injuries sustained in consequence of a fall resulting from a trap door, over which plaintiff was working, being opened by a coemployee from the cellar below, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that plaintiff did not know of the existence of the door and had been given no warning of its presence.

Argued Oct. 11, 1916.   Appeal, No. 82, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 2528, on verdict for plaintiff, in case of Margaret Williams v. George F. MacDonald.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion by DAVIS, J., sur defendant's motion for a new trial and for judgment n. o. v.:

The plaintiff was an employee of the defendant, and while performing her duties was injured by falling through an opening in the floor in defendant's place of business, caused by a trap door which was suddenly opened from the cellar by a coemployee. The trap door was back of the counter even with the floor and was used with weights by reason of which it could be opened easily either from above or below by any person who desired to go into or out of the cellar.

The evidence further showed that hinges on the upper side of the door could be seen, and also along the side or wall, the means which were employed in the opening and operation of the door.

The plaintiff had worked for the defendant about three months prior to the accident, and her duties required her to pass frequently over the trap door during part of each day. The trap door was used by other employees of the defendant in obtaining supplies from the cellar, especially in the morning and late afternoon, when plaintiff was engaged in other duties which did not require her to go back of the counter, over or in proximity to the trap door.

The plaintiff testified that she did not know and had not been informed of the existence of the trap door; that she never had seen the trap door in place, and had never seen it opened or used.

It was the duty of the defendant to provide a reasonably safe place for the plaintiff to work. It was a reasonably safe place to work while the door was in place even with the floor, and the only part of the door which might cause an accident were the hinges on the upper face of the door. The danger was that the door might be suddenly opened by some one from the cellar, leaving

an opening into which any person near the door might step and fall.

The plaintiff was performing her duties right beside the door, and when the door was suddenly opened, without her knowledge, she stepped into the hole and fell.

The defendant owed the plaintiff the further duty to give her warning of the use of the door and the signals that were used, or directed to be used, when any one in the cellar desired to open the door. The testimony was that any person using this place of egress gave three knocks on the door as a warning and then to push and the door would open by means of the weights.

The defendant presented a point for binding instructions and now asks that this rule for judgment non obstante veredicto be made absolute.

We are of the opinion that defendant's negligence under the evidence was a question of fact for the jury.

The reasons urged for judgment non obstante veredicto in the argument of the case at bar were: (1) "The proximate cause of the injury was the negligence of a fellow servant with the plaintiff"; (2) "the plaintiff was guilty of contributory negligence"; and (3) "the plaintiff assumed the risk of the employment."

There was no evidence in the case showing that the co-employee who opened the door was guilty of any negligence. He was engaged in the performance of his duties in the usual way with the right of egress by way of the trap door. The uncontradicted testimony shows that he gave the usual warning before he opened the door.

The question of plaintiff's contributory negligence, if any, was submitted to the jury; also the question of assumed risk was submitted to the jury; and all questions have been determined in favor of the plaintiff.

We are, therefore, of the opinion that this case under the evidence could not have been taken away from the jury, and that the rule for judgment non obstante veredicto should be discharged.

Verdict for plaintiff for $6,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Wm. W. Wishart,* with him *J. Roy Dickie,* for appellant.

*Rody P. Marshall,* with him *Thomas M. Marshall,* for appellee.

PER CURIAM, January 8, 1917:

The nature of this case and the reasons why it was for the jury appear in the concise and clear opinion of the learned court below overruling the motions for a new trial and for judgment n. o. v. The two assignments of error, which raise but a single question, are overruled and the judgment is affirmed.